**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:41 AM March 31, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| EDWIN L. BURCHELL AND | ) | CASE NO. 14-60201 |
| ELIZABETH M. BURCHELL, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

This case is before the court on the Motion for Appointment of Debtor Elizabeth Burchell as Next Friend of Debtor and the Motion to Excuse Pre-filing Budget and Credit Counseling, both filed on February 10, 2014. No objections were filed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

**DISCUSSION**

According to the motions, Mr. Burchell suffers from multiple medical problems, needs help with daily living tasks, and does not participate in the management of Debtors' financial affairs. Debtors therefore seek to allow Mrs. Burchell to act has his next friend. They also seek to excuse him from the credit counseling requirement set forth at 11 U.S.C. § 109. Debtors provided a "Patient History" from Mr. Burchell's doctor which includes a list of medical conditions for which he has been treated, as well as his medications, other physicians, and treatments rendered. Only one item is specifically related to cognitive ability: "[m]emory changes (780.93) possible mild cognitive impairment or early vascular dementia (lacunar infarct on CT of brain." (sic) (Attachment to M. to Appoint Elizabeth Burchell as Next Friend, ECF No. 5) Mrs. Burchell also provided an affidavit attesting to her knowledge of Mr. Burchell's financial affairs and her husband's medical conditions.

**I.   Next friend motion**

Under Federal Rule of Bankruptcy Procedure 1004.1, the bankruptcy equivalent of Federal Rule of Civil Procedure 17, next friend status is reserved for incompetent and minor persons. Since incompetency is not defined in the bankruptcy code,[1] "[c]ases interpreting Rule 17(c) look to the law of the state in which the subject is domiciled and follow the state's incompetency laws." In re Whitehead, 2005 WL 1819399, *4 (Bankr. M.D.N.C. 2005) (citing Matchem v. Frank, 998 F.2d 1009, 1010 (4th Cir. 1993) (quotation omitted)); *see also* In re Kloian, 179 Fed.App'x 262, 263 (6th Cir. 2006). Although Kloian did not discuss the definition of incompetency, use of state law is supported by the opinion, which indicates that the bankruptcy court acted *sua sponte* and determined incompetency, using Michigan law, following a hearing.

A good working definition of incompetency is found in an Ohio statute concerning guardianship proceedings:

> "Incompetent" means any person who is so mentally impaired
> as a result of a mental or physical illness or disability, or mental
> retardation, or as a result of chronic substance abuse, that the person
> is incapable of taking proper care of the person's self or property or
> fails to provide for the person's family or other persons for whom
> the person is charged by law to provide, or any person confined to
> a correctional institution within this state.

O.R.C. § 2111.01(D). Ohio courts employ some flexibility in determining incompetency, much like the bankruptcy court in Kloian. 179 Fed.App'x 262. Competency is based on the facts and

---

1 Although incompetency is not defined, the bankruptcy code does define "incapacity" as "impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to financial responsibilities." 11 U.S.C. § 109(h)(4). One court recognized the shift in Florida law from use of "incompetency" to "incapacity." In re Petrano, 2013 WL 6503762 (Bankr. N.D. Fla. 2013).

purpose under review. For example, as long as a witness is competent to testify on the matters at issue, other areas where the witness' competence may be questioned are not a bar to the testimony. State v. Bradley, 42 Ohio St.3d 136, 141 (1989) (citing State v. Wildman, 145 Ohio St. 379 (1945)). In the same vein, someone who may meet the definition of incompetent may be permitted to marry as long as the person comprehends what marriage is. Wozniak, 1986 WL 213538 (citing Seabold v. Seabold, 84 Ohio App. 83 (1948)). This disjunction is also apparent in Kloian, where the bankruptcy court recognized "Debtor is 'incompetent' in the very limited sense of his inability to protect his interests in the administration of his bankruptcy case in a reasonably efficient and timely manner . . . [although] at many times, appeared to be quite capable." 179 Fed.App'x 262, 263.

In Ohio, the determination of incompetency is left to a court. Wozniak v. Wozniak, 1986 WL 213538 (Ohio App. 6th Dist. 1986). The Sixth Circuit recognized that "[t]he decision . . . to appoint a next friend or guardian ad litem rests with the sound discretion of the district court . . . ." Kloian, 179 Fed.App'x 262, 265. Courts facing incompetency determinations recognize their significance and potential impact. For example, at least two courts have expressed hesitancy in determining incompetency. In Petrano, the court was dealing with an autistic debtor who was "disabled" but the court did not equate this to "incompetent," stating that the circumstances showed that the debtor "understands litigation and clearly understands that she is a debtor in this Chapter 12 bankruptcy case." Petrano, 2013 WL 6503672, at *3. Looking at Florida law, the bankruptcy court found it was not the appropriate forum to determine incompetency and stayed the case for the issue to be determined by the state court panel of experts. Id.

The court in Lane was hesitant for a separate reason, namely the potential for abuse. In re Lane, 2012 WL 5296122 (Bankr. D. Or. 2012). The UST objected to the motion to appoint the next friend. The court recognized the potential problems in appointing next friends and set forth a very specific governing procedure. Looking at the court's guidance, it appears a primary goal was to assure that the next friend was disinterested and/or unbiased. Id. With regard to incompetency, the court wanted letters providing information on the debtor's ability to conduct financial affairs from (1) a physician and (2), if available, a caregiver. Id.

After reviewing the documents provided by Debtors and the case law, the court is not in a position to determine that Mr. Burchell is incompetent. The material supplied by Debtors speaks more to Mr. Burchell being physically disabled rather than incompetent. The information suggests a *possibility* of lessened cognitive function. The record does not leave this court with the firm conviction that Mr. Burchell meets the definition of incompetency, thereby warranting appointment of a next friend. For these reasons, the court is unwilling to declare him incompetent.

The court is not unsympathetic and recognizes that the record does demonstrate that participation in the 341 meeting would likely be difficult for Mr. Burchell. However, there are other ways to handle this problem than to have him declared incompetent. Most of these alternatives revolve around the discretion of the United Sates Trustee with potential action by the

court.

Although the court will deny the motion, it will be without prejudice. The court will allow the Debtors three weeks to take further action related to the relief sought by the next friend motion. Such action may include, but not be limited to, exploration of one of the other alternatives, submission of an amended motion to appoint a next friend with appropriate documentation, or a request for hearing.

## II. Waiver of credit counseling

Debtors also filed a motion to waive the requirement for Mr. Burchell to obtain the prefiling credit counseling course requirement under 11 U.S.C. § 109. Section 109(h)(4) permits a waiver for a debtor "whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability or active military duty . . . ." Although Debtors move for waiver based on incapacity, the record falls short of establishing mental incapacity as defined by the statute. Debtors' motion to excuse, however, also cites disability as a basis to excuse Mr. Burchell from credit counseling. Section 109(h)(4) bases a disability waiver on a debtor's being "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." 11 U.S.C. § 109(h)(4). The court finds that the record does support a finding that Mr. Burchell suffers from a disability and should be excused from the credit counseling requirement.

An order consistent with this opinion will be entered immediately.

# # #

**Service List:**

Debra E. Booher
Debra Booher & Assoc., Co., LPA
1350 Portage Trail
Cuyahoga Falls, OH 44223

Edwin L. Burchell
Elizabeth M. Burchell
PO Box 147
Sandyville, OH 44671

Anne Piero Silagy, Esq
1225 South Main St
Suite 1
North Canton, OH 44720